UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAROL KING LANDSCAPING
MAINTENANCE, INC. and AMERICA
AT PLAY, INC. D/B/A/ BEACH ROAD
WINE BAR AND BISTRO,

       Plaintiffs,

v.                                          Case No:   2:19-cv-453-FtM-99UAM

ALEXANDER ACOSTA, in his official
capacity as United States Secretary of
Labor; MOLLY E. CONWAY, in her
capacity as United States Acting
Assistant Secretary of Labor,
Employment and Training
Administration; and THOMAS M.
DOWD, in his official capacity as
Deputy Assistant Secretary of Labor,
Employment and Training
Administration,

       Defendants.

## OPINION AND ORDER[1]

This matter comes before the Court on Plaintiffs' Motion for Ex-Parte Temporary Restraining Order and Preliminary Injunction (Doc. 2), as well as Declarations submitted in support (Docs. 2-2, 2-3), filed on the evening of July 1, 2019. Plaintiffs are small business owners and employers claiming that Defendants exceeded their authority under

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

the Administrative Procedures Act (APA) to implement a lottery selection process for reviewing applications filed by employers seeking temporary employment of foreign workers with H-2B visas. For the reasons set forth below, the request for a temporary restraining order is denied and the Court takes the request for a preliminary injunction under advisement pending formal service of the Complaint (Doc. 1) and a hearing.

I.

**A. The Lottery Selection Process Notice**

On March 4, 2019, the Department of Labor (DOL) issued a Notice in the Federal Register entitled "Selection Procedures for Reviewing Applications Filed by Employers Seeking Temporary Employment of H-2B Foreign Workers in the United States." 84 Fed. Reg. 7399 (the "Notice") (Doc. 2-1). The Notice announced that beginning on July 3, 2019, DOL will use a new lottery system to randomly select and process applications for H-2B visas[2] filed within the first three (3) days in the season until the agency reaches the 33,000-worker cap set by DHS (the "Lottery Selection"). DOL will thereafter process any remaining applications. The Notice invited public comment to be submitted by April 3, 2019. Although there is no indication that Plaintiffs participated in the comment process, Plaintiffs challenge the Lottery Selection in a four-count Complaint under the Administrative Procedures Act (APA) and request that the Court issue a temporary restraining order (and subsequent preliminary injunction) to restrain the process from taking effect on July 3, 2019.

---

[2] The H-2B visa program (the "Program") allows for non-agricultural employers facing a shortage of U.S. employees to hire temporary seasonal, unskilled foreign employees. The Program is used predominantly by small businesses, including those involved in landscaping, hotel, construction, restaurant, and forestry. *See* 76 Fed. Reg. 15,130; 15,161.

Participation of the H-2B visa worker program has grown significantly over the years. As a result, prior to Lottery Selection, employer's H-2B visa applications were sequentially assigned based on the calendar date and time the applications were received, measured to the millisecond. Plaintiffs state that they would submit their applications on the first filing day at midnight to ensure control over their access to the H-2B program. Because of the high number of applicants that wanted to be first in line during the most recent filing period on January 1, 2019, the DOL's electronic filing system crashed. Thereafter, the DOL reassessed its procedures and developed the Lottery Selection process.

Plaintiffs argue that Lottery Selection will cause them to lose all control over access to the Program. As small business owners that rely heavily on seasonal workers, the new process will have drastic ramifications for Plaintiffs' business operations and ability to plan for seasonal employment needs. Plaintiffs argue that the DOL did not consider any of the consequences that Program-reliant employers such as themselves will suffer, nor did they consider the development of possibly alternative systems.

Plaintiffs acknowledge that the Notice did invite public comment, but argue that DOL wrongly asserts in the Notice that the change is not a proposed rule – which would need to be issued pursuant to the notice and comment requirements of 5 U.S.C. § 553 – but is instead a "procedural change" to the assignment and review of H-2B applications. In this regard, on the merits, Plaintiffs allege that the Notice does not comply with 5 U.S.C. § 553 because, among other things, DOL never published a proposed rule and instead merely issued a final rule describing the rule change, and while the agency invited

comments from affected persons, it did not publish any comments to the public. (Doc. 1, ¶ 39).

Plaintiffs further allege that Defendants seeks to circumvent the notice and comment rulemaking requirements of the APA by labeling the change a procedural rule because Congress has not authorized the Secretary of Labor to issue legislative rules affecting the Program. (Doc. 1, ¶¶ 43, 65). In other words, the Notice is a legislative rule that exceeds Defendants' statutory authority. If notice and comment rulemaking was afforded, plaintiffs believe it would expose that the Notice is arbitrary and capricious under the APA. (Doc. 1, ¶ 44).

**B. Plaintiffs' Attempts to Apprise Defendants of its Actions**

Plaintiffs state that they met with the representatives from the DOL on June 27, 2019 and requested that implementation of the Lottery Selection be delayed. On July 1, 2019, the Seasonal Employment Alliance, with whom plaintiffs are affiliated, sent an email to DOL representatives stating that plaintiffs plan to seek judicial intervention to enjoin implementation of the Lottery Selection. Plaintiffs state that after filing the Complaint and Motion for Temporary Restraining Order and Preliminary Injunction, counsel would email a courtesy copy to DOL representatives. (Doc. 2, p. 25). Thus, although Plaintiffs made diligent attempts to apprise Defendants of their actions, at least at the time of filing, the request for injunction relief was *ex parte* as Plaintiffs request that the injunction be entered without the opportunity for Defendants to be heard.

**II.**

To obtain a temporary restraining order, a party must first establish that: (1) it is substantially likely to succeed on the merits of its underlying claims; (2) it will suffer

imminent, irreparable injury without injunctive relief; (3) such injury outweighs the harm an injunction poses to the opposing party; and (4) injunctive relief will serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Federal Rule of Civil Procedure 65(b) authorizes a court to grant injunctive relief *ex parte* – that is, against a party who has not yet received notice of the motion seeking injunctive relief and/or had an opportunity to be heard. To obtain such relief, however, the movant must make a "clear[] show[ing] that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b).

The Local Rules of this District state further that an *ex parte* order "will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." M.D. Fla. R. 4.05(a). To constitute a true "emergency," the injury alleged must be "so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." *Id.* 4.05(b)(2).

The allegations in the Complaint and the attached Exhibits - which are all this Court has at this stage - do not justify an award of *ex parte* injunctive relief. Rather than establish that this case presents a true emergency, the materials before the Court show that the Notice was published on March 4, 2019, requesting that comments be submitted in writing by April 3, 2019, and supplying a procedure for such comments to be submitted. (Doc. 2-1). Thus, even if there is an emergency, it is one Plaintiffs should have sought to prevent months ago. Plaintiffs knew (or should have known) since at least as early as March 4, 2019, that Defendants were planning to implement the Lottery Selection on July 3, 2019. Yet, from the record before the Court, Plaintiffs did not attempt to meet with

DOL representatives and voice their concerns on Lottery Selection until June 27, 2019, and again on July 1, 2019, and filed their Motion for emergency relief after 5:00 p.m. on July 1, 2019, a little over twenty-four hours from when the Lottery Selection time period for filing is set to begin. Despite notice, Plaintiffs did not timely act to submit comments that could be considered before the new process was implemented.[3] Having failed to do so, Plaintiffs are not now entitled to the extraordinary relief of an *ex parte* injunction. *See Allstate Ins. Co. v. Gardner*, No. 6:14-CV-681-ORL-31GJK, 2014 WL 12575828, at *2 (M.D. Fla. May 2, 2014) ("Delay in seeking a TRO undercuts the proposition that there is a threat of irreparable injury."); *Primo Broodstock, Inc. v. American Mariculture, Inc.*, No. 2:17-cv-9–FtM-29CM, 2017 WL 393871 (M.D. Fla. Jan. 29, 2017) (same).

The Court will allow Defendants to respond to the Motion for Preliminary Injunction and will hold a hearing as set forth below pursuant to M.D. Fla. R. 4.05, 4.06.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

(1) Plaintiffs' Motion for Ex-Parte Temporary Restraining Order (Doc. 2) is **DENIED.**

(2) Plaintiffs' Alternative Motion for Preliminary Injunction (Doc. 2) is **taken under advisement** pending a hearing on the matter.

(3) Plaintiffs are directed to serve Defendants with the Complaint, Motion, and this Opinion and Order as soon as possible. The Defendants shall have until **July 16,**

---

[3] There is also no credible argument or evidence at this stage that any effort by Plaintiffs to submit their comments and have them considered by Defendants would have been futile.

**2019** to file a written response to the Motion for Preliminary Injunction, which shall not exceed twenty (20) pages.

(4) On **Friday, July 19, 2019, at 9:30 a.m.** the parties shall appear for a preliminary injunction hearing before the undersigned at the U.S. Courthouse for the Middle District of Florida, Fort Myers Division, 2110 First Street, Courtroom 5D, Fort Myers, Florida 33901. The hearing is limited to oral argument and each side will be allowed a total of thirty minutes. The Clerk is directed to issue a notice accordingly.

(5) The parties are directed to review and comply with Middle District of Florida Local Rule 4.06.

**DONE and ORDERED** at Fort Myers, Florida, this 2nd day of July, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Parties of Record